

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4217
Re: Does the described
ambulance-service-
contract business
of Shannon Funeral
Chapel constitute
insurance, and re-
lated questions.

This department has fully considered your letter of November 7, 1941, requesting our opinion as to whether or not the issuing of certain contracts by the Shannon Funeral Chapel, a Texas Corporation, chartered to do an undertaking business in Ft. Worth, Texas, evidenced by a photostatic copy of the contract forms in use, constitutes the doing of an insurance business. If such contract is held to be one of insurance, you desire to know what kind or kinds of insurance and further, if prohibited, under the terms of what statutory provisions.

We are further advised that the Shannon Funeral Chapel is not authorized by its charter to conduct an insurance business of any character, nor is it or anyone connected with it licensed by the Insurance Department under any provision of Title 78 of the Revised Statutes to act as insurer or as insurance agent or solicitor.

Viewing the photostatic copies of the contract form submitted to us, the essential features of the plan disclose that agents of the Funeral Chapel, designated as soliciting agent, take application for the ambulance-service-contract, wherein the applicants must give their name, age and address, stating the nature of any illness suffered and whether hospitalized therefor within the previous six months, if any. The service is to be rendered for a period of one year after acceptance by the corporation beginning from date of delivery of the

service-contract to the applicant. The consideration for the service is an annual cash sum of Three Dollars ($3.00) paid prior to delivery of said service-contract with the effective date being the date of its delivery by the Chapel to the applicant while in good health and free from the effects of injuries.

In regard to the service agreed to be rendered, the contract provides:

"Said Ambulance Service is to be rendered only in the city limits of Ft. Worth, Texas, and exclusively by Shannon Funeral Chapel; and that said Ambulance Service is to be rendered only upon authorization of a licensed physician or surgeon, except Emergency Ambulance Service in the event of accident."

Whether a contract is one of insurance is to be determined by its purpose, effect, contents and import, and not necessarily by the terminology used. And it may constitute insurance if it be for contractee's benefit and a contract on which said contractee, in case of breach thereof, may assert a cause of action. National Auto Service Corp. vs. State, 55 S. W. (2d) 209, 63 A. L. R. 715.

In determining the question of whether the contract be merely one for personal service or of insurance, the authorities appear to support by analogy the view that there would be no distinction between a corporation merely agreeing to furnish its own ambulance as in the contract involved and agreeing to indemnify or reimburse the holder for loss incurred in having been served by an ambulance belonging to another company.

The elements and requisites generally of a contract of insurance as set forth in 32 Corpus Juris, Page 1095, are as follows:

"(1) A subject matter. (2) A risk or contingency insured against and the duration thereof. (3) A promise to pay or to indemnify in a fixed or ascertainable amount. (4) A consideration for the promise, known as the premium, and the period of payment thereof. (5) An agreement, or meeting of the minds of the parties, upon all the foregoing essential elements."

We quote from 29 Am. Jur., Para. 3, Page 47:

"The authorities are substantially agreed that insurance generally may be defined as an agreement by which one person for a consideration promises to pay money or its equivalent, or to perform some act of value, to another on the destruction, death, loss, or injury of some-one or something by specified perils."

Under Chapter 18, Title 78, relating to general casualty companies, Article 4989 of the Statutes, it is provided that any three or more persons, a majority of whom are residents of this State, may associate in accordance with its provisions and form an incorporated company for any one or more of the following purposes:

"1. To insure any person against bodily injury, disablement or death resulting from accident and against disablement resulting from disease.

"* * *."

It clearly appears that the business proposed to be conducted by the Shannon Funeral Chapel would create contractual rights under which the applicant or members of their family receive benefits in the form of valued services upon the happening of certain contingencies. The rendition of services in this instance may be as much compensation for loss from a stated event, readily ascertainable, as would be the payment of money.

Such services as would be rendered under the contract in question, is made necessary by reason of disablement resulting from both accident or disease. It is this temporary contingency, that such disability will not so occur within the contract period, which constitutes the risk assumed by the contractor and which in our opinion, being primarily a phase of accident and health insurance authorized to be written in the foregoing statute applicable to casualty companies, makes the issuance of the proposed contract the doing of an insurance business and ultra vires on the part of said funeral corporation.

In so holding, we find support in the case of Allin, Ins. Com. Vs. Motorists' Alliance of America, Inc., 234 Ky. 714, 29

S. W. (2d) 19, 31 A. L. R. 688, and authorities therein cited. The Motorists' Alliance of America was an Ohio corporation existing by virtue of the laws of the State of Ohio with power generally to furnish accident and other services to automobile owners. The material feature of its contract as involved in the case was that the company agreed in case of suit, to employ a local attorney, in whose selection the holder of the contract should have a voice, who in turn, with the company's attorney, would defend the case, and to relieve the holder from the expense thereof, an expense which the court said must follow the hap;.ening of the very contingency provided against. In holding the contract in controversy one of insurance, similar in nature to that involved in Physician's Defense Co. vs. Cooper, Ins. Com., (C. C.) 188 Fed. 832; Id. (C. C. A.) 199 Fed. 5 6, 560, 47 L. R. A. (N. S.) 290, the court, rather than follow the reasoning in that case, based its decision on a statutory provision declaring it lawful for a company to write insurance for the purpose, among others, of insuring owners of automobiles against "such losses as arise out of the ownership, operation, or maintenance of the same."

It specifically appears that the contract here involved is issued over the name of and as the act of a private corporation organized and existing under the general law for the purpose of engaging in and carrying on an undertaking business. The contract expressly states that the contracting party is the "Shannon Funeral Chapel by and through its Vice-President and General Manager." In view of this fact, the Board of Insurance Commissioners has no authority to take any prohibitory action other than to report promptly and in detail to the Attorney General, as provided in Article 4682, Vernon's Annotated Civil Statutes, any violation of law relative to the business of insurance. As to the specific matter before us it would reasonably be in line with the duties imposed upon the Board by said statute to so advise the corporation in question of its carrying on an insurance business in violation of its charter and should said corporation continue to issue such contracts, report in detail such violations to the Attorney General.

Article 5 0a, Vernon's Penal Code of Texas, in part, provides:

"Any person who shall act as a life, health or accident insurance agent without having first obtained a license as herein provided, or who shall solicit life, health or accident insurance or act as a life, health or accident agent without having been appointed and designated by some

duly authorized life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, or association, or organization, local mutual aid association, or statewide mutual association to do so as herein provided, or any person who shall solicit life, health or accident insurance or act as an agent for any person or insurance company or association not authorized to do business in Texas; * * *, as herein provided shall be guilty or a misdemeanor and, upon conviction, shall be fined any sum not in excess of Five Hundred Dollars ($500) and shall be barred from receiving a license as an insurance agent for a period of at least two (2) years."

It is further our view that such persons soliciting this type of contract without being licensed by the Insurance Department or without having been duly appointed and designated agent by some one or more of the specified companies, as disclosed in your letter, is subject to the penalty provided for in Article 570a of Vernon's Penal Code of Texas.

In answer to your request, therefore, it is the opinion of this department that the soliciting and issuing of the ambulance-service-contract described constitutes the doing of an insurance business and such acts, being ultra vires, subjects said corporation to an inquiry into its charter rights by the Attorney General of Texas and the taking of such action as would be necessary and proper under his constitutional authority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:RS

